JAMES B. LOCKWOOD, as Sole Testamentary Trustee, etc., *et al.*, Appellants, *v.* WILLIAM T. BRANTLY, Administrator, etc., *et al.*, Respondents.

*Court of Appeals, November* 23, 1886.

Affirming same case, 38 Hun, 642, Mem.

*Trustee. Title by acquiescence.*—The transfer of shares of capital stock of a corporation by a trustee, and claim of ownership by the assignee for a number of years, known to all the beneficiaries at the time of such transfer and since, together with the lapse of time, negligence in asserting the right and acquiescence in the assignee's claim unexplained, afford conclusive proof of the acquisition of a good title by the assignee, and sufficient to defeat an action to compel a transfer of such stock by the assignee's administrator to the trustee.

*Henry Cooper*, for appellants.

*Howard R. Bayne*, for respondents.

DANFORTH, J.—This action was commenced May 12, 1883. It appears from the record that Benjamin F. Cooper died at the city of Utica on the 6th of May, 1864, after devising all

his property in trust, first, for the support and benefit of Mary A., his wife, and Helen, his daughter, and if there should by any surplus, then, second, for the support of his sons William and Henry. The persons named as trustees and his son William B. were appointed executors, but Graham and William B. alone qualified as such. The will was admitted to probate in June, 1864, and the above named executors and Graham as trustee continued to act in their several capacities until December 20, 1880, when upon proceedings instituted in the supreme court by Graham, Mary A., Helen, William B., and Henry Cooper, an order was made discharging Graham from his office of executor and trustee, and from that time Brantly continued sole executor until his death in 1882, when James B. Lockwood was appointed in his place.

At the commencement of this suit therefore, William B. Cooper was the sole executor of the will of Benjamin, and Lockwood sole testamentary trustee. William B. Cooper refused to join as plaintiff, either as an individual or as executor, and was therefore made co-defendant, in both capacities, with William T. Brantly, who was sued as the administrator of the Brantly before mentioned. The plaintiffs are Lockwood, who sues as trustee of the estate of Benjamin F. Cooper, and Mary A. Cooper, Helen Cooper and Henry Cooper, beneficiaries under his will.

The object of the action is to compel the defendant Brantly to transfer to the defendant William, as executor, or to the plaintiff Lockwood as trustee, certain shares of the capital stock of the Utica Cotton Mills, and $1,600.27 with interest, being the amount of dividends paid thereon since the 1st day of August, 1871. The defendant Brantly alone answered, denying certain material allegations of the complaint and setting up several affirmative defenses. At special term the issues were decided in favor of the defendant and the complaint dismissed.

Upon appeal by the plaintiffs the general term affirmed

that decision, and against the judgment then rendered, they appealed to this court. The present controversy brings in question the title to the stock above referred to. It is undisputed that six shares were owned by the testator; that on the 15th day of May, 1861, he duly transferred those shares to William T. Brantly, the respondent's intestate, as collateral security for a loan of $500 theretofore made to him, and at that time with the interest thereon unpaid and due. For a time Cooper, under a power of attorney from Brantly, collected the dividends and applied them to his own use. Afterward Brantly assigned the stock to "William B. Cooper, trustee," and on the third of February, 1864, they were so transferred on the books of the company and a new certificate issued to the assignee. He collected the dividends until February 1, 1865, and after that, until August, 1866, they were collected by Graham and paid over by Brantly's direction to Mrs. Cooper and Helen Cooper. It is also found, by the learned trial court upon evidence before him, that upon the 7th of July, 1866, Cooper, as trustee, for value received, transferred the stock to Brantly, who thereafter, until his death in March, 1882, held, claimed and treated the stock as absolutely his own and received the dividends thereon.

The plaintiffs' contention is in substance that notwithstanding this new and absolute assignment, Brantly afterward held the stock either as he had first received it, as collateral security, or the dividends having amounted to the sum for payment of which it was pledged, as depository, without a lien upon or interest of any kind in it; in either event as trustee. It certainly does not appear upon what actual consideration the final transfer to Brantly was made, but the fact of transfer and the claim of ownership were known to every one of the parties interested, long before the death of Mr. Brantly, and to William B. Cooper and Graham at the very time of the transfer, for both were actors in the transaction. They were trustees and executors, they

knew of the terms of the original assignment by way of pledge or collateral security, and of the subsequent absolute conveyance. So did Henry Cooper, one of the beneficiaries under the will, and Mary E. and Helen Cooper, whose meagre support was derived from an estate insufficient for the purpose, and was eked out by the frequent benevolence of Brantly, avowedly founded upon his possession and ownership of the stock in question. Not one of the persons disputed the title of Brantly, and although in 1880, Graham, on their petition, was relieved of his trust, no claim was made by either that the stock formed part of the estate of B. F. Cooper, with the management of which he had been charged. Not then, nor till after the death of Brantly did this contention arise. Had it been otherwise it may be presumed some fuller explanation might have been had from him. If it be now scant the plaintiffs cannot complain. On the part of Brantly there was no concealment; on the part of every one interested there was perfect acquiescence.

From these facts it would seem to follow that, at the time of Lockwood's appointment as testamentary trustee, the estate intrusted to him was in no way concerned or interested in the stock in question. The defendant's intestate had acquired a good legal title to it, and we agree with both courts, whose judgments are before us, that there is in evidence nothing which would justify any tribunal in depriving his estate of its benefit. Indeed, there is no reason to believe that this action would have been brought except for the death of Brantly, and that circumstance should not relieve the plaintiffs from giving the fullest measure of proof, and repelling by evidence the presumption which, after a lapse of more than twenty years, requires us to hold that the apparent title was the real title. Here is not only lapse of time and negligence in asserting the contrary, but acquiescence,—three objections to the plaintiffs' claim which, upon the testimony, are wholly unexplained, except upon

the theory that, so long as Brantly lived, all parties interested recognized his title as unassailable. There would be great danger of an unjust advantage if, he being dead, the same parties should now be allowed to question it. It is difficult to find good faith in the plaintiffs' claim. There has certainly been no diligence in asserting it. We think there is no equity in the suit, and that the complaint was properly dismissed.

The judgment appealed from should be affirmed with costs.

All concur.